IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL SULLIVAN-BLAKE and HORACE CLAIBORNE, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 18-1698 ) ) ) ) ) ) ) |

### MEMORANDUM OPINION

Pending before the Court in this collective action under the Fair Labor Standards Act ("FLSA") is FedEx Ground Package System, Inc.'s ("FedEx") Rule 19(a) Motion to Join Pennsylvania Service Providers as Necessary Parties and Rule 19(b) Motion to Dismiss for Failure to Join Indispensable Parties (the "Motion"). (ECF No. 114). In its Motion, FedEx seeks the joinder in this action of companies within Pennsylvania that contracted with FedEx to provide delivery and pickup services ("Service Providers") and dismissal of the remainder of the case as it pertains to opt-in Plaintiffs residing outside of Pennsylvania and Service Providers who employed drivers outside of Pennsylvania.

### I.   RELEVANT BACKGROUND

Plaintiffs Angel Sullivan-Blake and Horace Claiborne claim that they were not paid overtime compensation in accordance with the FLSA and have brought this collective action on behalf of themselves and other similarly situated individuals who have been employed by FedEx through intermediary employers, that is, the Service Providers, to perform delivery services on

FedEx's behalf. (ECF No. 1). To date, fifty-seven individuals from twenty-six different states have filed their opt-in consent forms to join this action. (ECF No. 115 at 1).

On September 30, 2019, the Court conditionally certified a nationwide collective encompassing all individuals outside of Massachusetts who worked as FedEx delivery drivers through the Service Providers since November 27, 2015. (ECF No. 107). Before notice was issued to potential collective members, FedEx filed the pending Motion which has been fully briefed and is ripe for disposition.

## II.  DISCUSSION

FedEx contends that all Service Providers nationwide are necessary and indispensable parties to this litigation because these providers employ and pay the drivers, set the employment and wage policies and have a direct interest in the outcome. As such, FedEx seeks to join Service Providers located in Pennsylvania as required parties pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. FedEx further asserts that because the Court lacks jurisdiction over the non-Pennsylvania Service Providers who employed Plaintiffs as well as opt-in Plaintiffs residing outside of Pennsylvania, then pursuant to Rule 19(b), these claims must be dismissed since these parties are indispensable and joinder cannot be effected.

"To be an indispensable party under Federal Rule of Civil Procedure Rule 19(b), a party must also be a 'required' party under Rule 19(a)." *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 408 (3d Cir. 2017). Accordingly, the starting point of the Court's analysis is whether the Service Providers are "required" parties under Rule 19(a) because "Rule 19(b) itself is applicable only if a person who should be joined under the provisions of Rule 19(a) cannot be made a party for some reason." *Field v. Volkswagenwerk AG*, 626 F.2d 293, 300 (3d Cir. 1980).

Rule 19(a) classifies an absent party as a "required party" and mandates its joinder, if feasible, in three situations. Fed. R. Civ. P. 19(a)(1). First, if "the court cannot accord complete relief among existing parties," without the joinder of the absentee. Fed. R. Civ. P. 19(a)(1)(A). Second, if the absentee "claims an interest relating to the subject of the action and is so situated that disposing of the action" without its joinder may "as a practical matter impair or impede the [absentee's] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Finally, if the absentee "claims an interest relating to the subject of the action and is so situated that disposing of the action" without joining the absentee may, "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

Contrary to FedEx's assertions, none of these situations are applicable here.

### A. The Court can accord complete relief among existing parties

Under Rule 19(a)(1)(A), "the Court must consider whether—in the absence of an un-joined party—complete relief can be granted to the persons already parties to the lawsuit." *Huber v. Taylor*, 532 F.3d 237, 248 (3d Cir. 2008). FedEx asserts that the Service Providers are "required" parties pursuant to this provision because it is the Service Providers, and not FedEx, that are "the employers responsible for compensation, and Plaintiffs cannot achieve complete relief without their participation." (ECF No. 115 at 9). This assertion is without merit, however, because "[u]nder the FLSA, multiple persons or entities can be responsible for a single employee's wages as 'joint employers' in certain situations. *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014) (quoting 29 C.F.R. § 791.2). Indeed, FedEx acknowledges that this is a joint employment case. (ECF No. 118 at 4).

In such cases, "each joint employer may be held jointly and severally liable for the FLSA violations of the other, in addition to direct liability for its own violations." *Thompson*, 748 F.3d at 148. If Plaintiffs prevail in this case and FedEx is deemed a joint employer under the FLSA, it will be individually liable to Plaintiffs for all damages. *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993) (recognizing that where liability is joint and several among multiple parties, complete relief may be granted with respect to any one of them). Thus, because the Court can accord complete relief among the existing parties, the Service Providers are not "required" parties under Rule 19(a)(1)(A).[1]

### B. The Service Providers do not have a direct stake in this litigation

Under Rule 19(a)(1)(B)(i), "the court must decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 316 (3d Cir. 2007). FedEx asserts that the Service Providers are "required" parties pursuant to this provision for two reasons.

First, FedEx argues that Plaintiffs' allegations implicate the Service Providers' pay practices and compensation structures. (ECF No. 115 at 7). According to FedEx, any imposition

---

[1] FedEx also contends that Plaintiffs cannot obtain complete relief without the joinder of the Service Providers because if Plaintiffs cannot prove that FedEx is their joint employer, their FLSA claims against the Service Providers would likely be time barred. (ECF No. 115 at 10). This contention is irrelevant to the Court's analysis, however, because the focal point of the inquiry under Rule 19(a)(1)(A) is whether the Court can accord complete relief if Plaintiffs prevail in *this* litigation. Similarly, FedEx's assertion that the Court cannot accord complete relief to FedEx because the indemnification agreements between itself and the Service Providers may lead to future litigation does not compel joinder. (*Id.* at 10–11). Whether the Court can accord complete relief "is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) (citing *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel*, 895 F.2d 116, 121 (3d Cir. 1990)).

of FLSA liability in this case will compel the absentee Service Providers to change their pay practices or risk being sued by their current employees for additional FLSA violations. (ECF No. 118 at 5). Second, FedEx contends that the Service Providers have a direct interest in defending their pay practices because they have an indemnification agreement with FedEx. (ECF No. 115 at 7–8).

Both of these arguments miss the mark because in order for the Service Providers to be classified as "required" parties under Rule 19(a)(1)(B)(i), FedEx must show that "some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments." *Janney Montgomery Scott*, 11 F.3d at 407. The requirements of this provision are "not satisfied simply because a judgment against [FedEx] in this action might set a persuasive precedent in any potential future action against [the absentee Service Providers]." *Huber v. Taylor*, 532 F.3d 237, 250 (3d Cir. 2008). At this juncture, it would be premature for this Court to determine what effect, if any, an adverse judgment against FedEx in this case may have on subsequent, yet to be filed, lawsuits against the Service Providers brought either by Plaintiffs or FedEx. Because the Service Providers do not have a direct stake in this litigation, they are not "required" parties under Rule 19(a)(1)(B).

### C. The absence of Service Providers would not subject FedEx to inconsistent obligations

Under Rule 19(a)(2)(ii), "a court must decide whether continuation of the action would expose named parties to the substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the [absentee's] claimed interest." *Gen. Refractories Co.*, 500 F.3d at 317. FedEx asserts that the Service Providers are "required" parties pursuant to this provision because their absence may subject FedEx to inconsistent obligations. (ECF No. 115 at 8). It argues that if

5

it is found liable in this litigation, it might bring indemnification proceedings against the Service Providers and because the outcome of this litigation may not bind the Service Providers in those indemnification proceedings, inconsistent obligations may follow. (*Id.*). FedEx's argument fails for two reasons.

First, Rule 19(a)(1)(B)(ii) "protects against inconsistent obligations, not inconsistent adjudications; under the Rule a person is protected against situations in which there would be two court orders and compliance with one might breach the other." *Micheel v. Haralson*, 586 F. Supp. 169, 171 (E.D. Pa. 1983). That is not the case here. Second, the possibility that FedEx "may have to shoulder the entire loss if found liable is a necessary consequence of joint and several liability." *Gen. Refractories Co.*, 500 F.3d at 319. Accordingly, the Service Providers are not "required" parties under Rule 19(a)(1)(B)(ii).

In short, the Service Providers are not "required" parties under any of the provisions of Rule 19(a). Because the threshold requirements Rule 19(a) are not met, it is therefore unnecessary for the Court to conduct a Rule 19(b) analysis.

### III. CONCLUSION

Based on the foregoing, FedEx's Motion will be denied. An appropriate Order will follow.

BY THE COURT:

PATRICIA L. DODGE
United States Magistrate Judge

Dated: January 31, 2020