IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br><br>        Defendant. | 2:18-cv-01698-RJC |

## **MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

    Before the Court is the "Motion to Dismiss Certain State Law Claims" (the "Motion to Dismiss") (ECF No. 305) filed by Defendant FedEx Ground Package System, Inc. ("FedEx"). The present case is a hybrid collective action under the Fair Labor Standards Act ("FLSA") and Rule 23 class action brought under the laws of fourteen states by the named Plaintiffs on behalf of themselves and other similarly situated individuals (collectively, "Plaintiffs") against FedEx for FedEx's alleged failure to pay requisite overtime compensation to Plaintiffs. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. The Motion to Dismiss has been fully briefed and is ripe for disposition.

1

I.      **Factual Background & Procedural History**

As this Court has noted in previous opinions in this case, Plaintiffs assert that they were employed by FedEx through intermediary employers[1] to perform delivery services on FedEx's behalf.  First Am. Compl. ¶ 35, ECF No. 297.  Plaintiffs further assert that FedEx has violated the FLSA by not paying overtime compensation to Plaintiffs for all hours worked over forty each week.  *Id*.  Because the Court writes primarily for the benefit of the parties and has set forth the factual background and procedural history of this matter at length in its previous opinions, the Court foregoes a detailed recitation of the factual background and procedural history in this Memorandum Opinion.

In its Motion to Dismiss, FedEx moves to dismiss seven of the state law claims (Counts 3, 4, 5, 7, 8, 9, and 12) set forth in Plaintiffs' First Amended Complaint (the "Complaint") (ECF No. 297) pursuant to Federal Rule of Civil Procedure 12(b)(6).  Respectively, these Counts assert claims for unpaid overtime compensation under the laws of Connecticut, Hawaii, Illinois, Maryland, Michigan, Minnesota, and Pennsylvania.  FedEx asserts that each of these claims fails as a matter of law because the Named Plaintiffs asserting these claims are not entitled to overtime pay under the laws of their respective home states because the state statutes at issue expressly exempt Plaintiffs or FedEx from the state's overtime requirements.  Mot. to Dismiss 1, ECF No. 305.  FedEx argues that, because the plain language of the state statutes at issue precludes Counts 3, 4, 5, 7, 8, 9, and 12, amendment would be futile, and dismissal should be with prejudice.  *Id*.  Plaintiffs oppose the Motion to Dismiss.  Plaintiffs assert that the Motion to Dismiss should be denied for two reasons: "(1) the remedial wage statutes at issue should be construed broadly in

---

[1] These intermediary employers are companies that entered into contracts with FedEx to provide delivery and pickup services on FedEx's behalf and are referred to as Independent Service Providers (ISPs) and Contracted Service Providers (CSPs) in the record.  The distinction between ISPs and CSPs is not relevant to this Court's consideration of the Motion to Dismiss.

favor of coverage, particularly at the pleading stage; and (2) Plaintiffs' state law claims are properly pled in the alternative to their [FLSA] claims." Br. in Opp'n 2, ECF No. 310.

By way of Memorandum Opinion (ECF No. 295) and Order (ECF No. 296) dated August 12, 2021, the Court granted Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 235). Plaintiffs then filed the Complaint on August 24, 2021. FedEx filed the Motion to Dismiss, along with a Brief in Support (ECF No. 306) on September 7, 2021. Plaintiffs filed a Brief in Opposition (ECF No. 310) on September 28, 2021, and FedEx filed a Reply (ECF No. 314) on October 5, 2021.

**II.     Legal Standard**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675.  Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)).  Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).  When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

4

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g., Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

### III. Discussion

FedEx asserts that Plaintiffs cannot state a claim under either Hawaii or Michigan law (Counts 4 and 8) because neither state's overtime requirements apply to employees or employers covered by the FLSA. Br. in Supp. 1, ECF No. 306. FedEx further asserts that Plaintiffs' claims under the laws of Connecticut, Illinois, Maryland, Minnesota, and Pennsylvania (Counts 3, 5, 7, 9, and 12) fail as a matter of law because "Plaintiffs, as delivery drivers engaged in interstate commerce, are exempt from state-imposed overtime requirements under each state's motor carrier exemption."[2] *Id*. FedEx asserts that Plaintiffs, in seeking unpaid overtime compensation under the FLSA, rely on allegations that they drove vehicles weighing 10,000 pounds or less, and that they are thus entitled to invoke the Small Vehicle Exception to the FLSA's Motor Carrier Act Exemption. *Id*. FedEx argues that such allegations are irrelevant under the laws of Connecticut, Illinois, Maryland, Minnesota, and Pennsylvania because each state's overtime exemption applies to all drivers engaged in interstate commerce, regardless of vehicle weight. *Id*.

---

[2] It bears noting that the Court has contemporaneously issued an Order granting in part FedEx's Motion for Partial Summary Judgment (ECF No. 374), and specifically granting judgment in FedEx's favor on the individual claims brought by Named Plaintiff Douglas Russell, who brought a claim under Pennsylvania law. In light of the same, there is no named plaintiff seeking relief under Pennsylvania law, and the Court is not inclined to provide an advisory opinion as to whether the same would be futile. The parties have also agreed to the dismissal with prejudice, *see* ECF No. 378, of Named Plaintiff Dezrae Kauhane, who asserted a claim under Hawaii law, from this action. For the same reason discussed with respect to Pennsylvania law, the Court will not wade into the merits of any claim brought under the laws of Hawaii. The Court anticipates that the parties will take into consideration the holdings of this Memorandum Opinion prior to seeking any further amendment in this action.

More specifically, FedEx argues that, "[b]y their plain language, none of these states' overtime rules apply to any worker whom the Secretary of Transportation has the power to regulate under the Motor Carrier Act[,]" and accurately quotes the wage laws of Connecticut, Illinois, Maryland, and Minnesota as follows:

- Connecticut's overtime provisions "shall not apply with respect to . . . any driver or helper . . . with respect to whom . . . the Secretary of Transportation has power to establish . . . maximum hours of service" under the MCA. Conn. Gen. Stat. § 31-76i(a).

- Illinois defines "employee" under its Minimum Wage Law so that it "does not include any individual permitted to work . . . [f]or a motor carrier and with respect to whom the U.S. Secretary of Transportation has the power to establish qualifications and maximum hours of service" pursuant to the MCA. 820 Ill. Comp. Stat. 105/3(d)(7).

- Maryland excludes from overtime requirements any "employee for whom the United States Secretary of Transportation may set qualifications and maximum hours" under the MCA. Md. Code Ann., Lab. & Empl. § 3-415(c)(1).

- Minnesota law defines "employee" to exclude "any individual in a position for which the United States Department of Transportation has power to establish qualifications and maximum hours of service" pursuant to the MCA. Minn. Stat. § 177.23, Subd. 7(16).

Br. in Supp. 7, ECF No. 306. For their part, Plaintiffs do not challenge the accuracy of the quotation of these provisions, but instead argue that the Court should construe these state laws broadly in favor of coverage.

With respect to the FLSA's Motor Carrier Act Exemption, the United States Court of Appeals for the Third Circuit has explained:

> Section 7 of the Fair Labor Standards Act provides that employers must pay hourly employees 150% their typical wages on hours they work in a week over 40. *See* 29 U.S.C. § 207; *Packard v. Pittsburgh Transp. Co.*, 418 F.3d 246, 250 (3d Cir.2005). One exemption to this general rule is Section 13(b)(1) of the Act. Known as the Motor Carrier Act Exemption, the provision provides that overtime pay is not required for "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service." *See* 29

6

> U.S.C. § 213(b)(1); *see also* 49 U.S.C. §§ 31502(b), 13102 (defining scope of Secretary of Transportation's regulatory authority).
>
> Congress elaborated upon the Motor Carrier Act Exemption with the enactment of the Corrections Act of 2008. Section 306(a) of the Corrections Act provides that "Section 7 of the Fair Labor Standards Act . . . shall apply to a covered employee notwithstanding section 13(b)(1) of that Act." *See* Corrections Act, § 306(a). Section 306(c) of the Corrections Act defines the term "covered employee." In short, a "covered employee" is an employee of a motor carrier whose job, "in whole or in part," affects the safe operation of vehicles lighter than 10,000 pounds, except vehicles designed to transport hazardous materials or large numbers of passengers. Corrections Act § 306(c).

*McMaster v. E. Armored Servs., Inc.*, 780 F.3d 167, 169 (3d Cir. 2015) (footnote omitted).

Employees who are subject to the FLSA's Motor Carrier Act Exemption may be entitled to overtime pay under the Small Vehicle Exception. *See Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 940 (W.D. Pa. 2011) ("[O]n June 6, 2008, the [Technical Corrections Act ('TCA')] restored the jurisdiction of the federal Secretary of Transportation over employees of motor carriers who drive vehicles with a GVWR of less than 10,001 pounds. The impact of this change upon plaintiffs was to restore their exempt status under the [Pennsylvania Motor Carrier Exception], while their nonexempt status under the [Federal Motor Carrier Exemption] was maintained due to a note providing that employees driving vehicles under 10,001 pounds remained covered under the OT compensation provisions of the FLSA"). "There seems to be general consensus [among district courts] that 'in order [for the Small Vehicle Exception to apply], an employee must (1) perform some work that affects the safety of operation of small vehicles, and (2) it must be part of the employee's duties to [do] so, where 'some work' must at least rise above the level of de minimis work . . . ." *Oddo v. Bimbo Bakeries U.S.A., Inc.*, 391 F. Supp. 3d 466, 471 (E.D. Pa. 2019) (quoting *Morgan v. Rig Power, Inc.*, No. 15-073, 2017 WL 11017230, at \*15 (W.D. Tex. Sept. 1, 2017)).

In seeking relief under Connecticut, Illinois, Maryland, and Minnesota law, Plaintiffs allege that the Named Plaintiffs bringing such claims were eligible to receive overtime compensation because they were employed by FedEx, drove a vehicle weighing less than 10,001 pounds during the relevant timeframe, and were not paid overtime compensation. Compl. ¶¶ 5–7; 9–11; 14, ECF No. 297. Clearly, Plaintiffs intend to invoke the Small Vehicle Exception in seeking damages for overtime compensation against FedEx. In opposing the Motion to Dismiss, Plaintiffs argue strenuously that FedEx relies on state law exemptions that can only apply if Plaintiffs are found to be FedEx's "employees" under federal law, and FedEx cannot rely on such an argument at this stage because FedEx denies that it was Plaintiffs' employer. Plaintiffs also assert that, "[i]n the event Plaintiffs are not found to be employees of FedEx under the FLSA, they are well within their rights to recover under state law protections in the alternative[.]" Br. in Opp'n 3, ECF No. 310.

The Court rejects these arguments. Initially, FedEx is free (and the Court is required) to accept as true the factual allegations set forth in the Complaint in the context of a Rule 12(b)(6) motion. FedEx argues that, even if Plaintiff can come forward with *evidence* to support Plaintiffs' *allegations* that FedEx is a joint employer under the FLSA, Plaintiffs cannot succeed on their state law claims. FedEx's argument in no way concedes, as Plaintiffs insinuate, that FedEx is a joint employer, and this argument is not improper at this stage of the litigation. Rather, FedEx's Motion to Dismiss accepts the Complaint's factual allegations as true and construes them in a light most favorable to Plaintiffs. This is the correct legal standard for a Rule 12(b)(6) motion, and the Court rejects Plaintiffs' assertion that FedEx cannot argue that Plaintiffs' claims fail as a matter of law while also denying its status as an employer. Further, the Court finds that the issue of whether FedEx was an employer under the FLSA need not be resolved before the Court considers whether

8

Plaintiffs have, as a matter of law, stated a claim under the laws of Connecticut, Illinois, Maryland, and Minnesota.

While Plaintiffs argue that their claims are pled in the alternative to their FLSA claim, Plaintiffs provide no substantive argument as to how they could succeed on their state law claims against FedEx if they cannot prove that FedEx is an employer under the FLSA. The Third Circuit has explained that "the Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is 'the broadest definition that has ever been included in any one act.'" *In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*, 683 F.3d 462, 467–68 (3d Cir. 2012) (quoting *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3, 65 S.Ct. 295, 89 L.Ed. 301 (1945)). Plaintiffs provide this Court with no substantive basis to conclude that Plaintiffs could possibly recover under the laws of any state if their FLSA claim fails, and any assertion to the contrary would contradict arguments Plaintiffs previously raised in support of their Motion to Amend.

> Plaintiffs assert that:
>
> The state law exemptions that FedEx argues apply here only concern drivers for whom the Secretary of Transportation has the authority to regulate maximum hours of work. And under 49 U.S. § 31502(b), the DOT's regulatory authority is expressly tied to "employees of . . . a motor carrier"). Accordingly, here, in the event that FedEx successfully prevails on its defense that the drivers are not its "employees" under federal law, the DOT's regulatory authority will not extend to the drivers and the state law exemptions FedEx relies upon will be inapplicable.

Br. in Opp'n 6, ECF No. 310 (footnote omitted) (emphasis omitted). Importantly, there is no dispute that FedEx is a motor carrier. *See* Br. in Supp. 8, ECF No. 306 ("[T]he parties agree that FedEx Ground is a 'motor carrier' under the MCA because it 'provid[es] motor vehicle transportation for compensation.'" (quoting 49 U.S.C. § 13102(14)); Br. in Opp'n 6, ECF No. 310 ("Indeed, FedEx Ground is the registered motor carrier for more than 165,000 FedEx drivers nationwide."). Accordingly, if Plaintiffs can prove that FedEx employed them, they would be

employees of a motor carrier and subject to the DOT's regulatory authority. If Plaintiffs cannot prove that FedEx employed them under the broad definition provided by the FLSA, the Court does not perceive how Plaintiffs could establish that FedEx owes them overtime compensation under state wage statutes.[3] In essence, Plaintiffs articulate no factual basis or discernibly legitimate argument where their state law claims could survive in the absence of their FLSA claim. As noted, this is consistent with Plaintiffs' previous arguments in support of their Motion to Amend, wherein they argued that the addition of state law claims was not accompanied by undue delay and would not result in prejudice because the state laws mirrored the FLSA. *See* Mem. Opin. 14, ECF No. 295 ("Plaintiffs further assert that the additional state law claims mirror the FLSA claim already pled *and do not add any factual allegations to the case . . . .*" (emphasis added); *see also* Tr. 7:7-14, ECF No. 203 ("I did want to point out to the Court that we have already informed FedEx that [P]laintiffs are planning to move to amend the complaint now that we know the scope of the case and drivers have opted in from around the country. We will be moving to amend to add Rule 23 state law claims for a number of states for which the state law mirrors the federal law. So, in other words, by amending in certain state law claims *it is not going to expand really the legal issues in the case*." (emphasis added)). For the reasons discussed above, the Court finds that Plaintiffs have not, and could not, plead their claims under the laws of Connecticut, Illinois, Maryland, and Minnesota in the alternative.

Plaintiffs also argue that the state wage statutes at issue should be construed broadly in favor of coverage, and that these statutes should not be interpreted to provide fewer protections than the FLSA. Because this Court has only supplemental jurisdiction over Plaintiffs' state law claims, the Court is "obliged to follow the statute[s] as written and interpreted by the Pennsylvania

---

[3] The Complaint makes clear that an employer/employee relationship is key to Plaintiffs' state law claims. Compl. ¶¶ 50-64, ECF No. 297.

10

courts." *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 465 (3d Cir. 1996); *see also Camden Cnty. Bd. of Chosen Freeholders v. Beretta, U.S.A. Corp.*, 273 F.3d 536, 541 (3d Cir. 2001) ("It is not the role of a federal court to expand or narrow state law in ways not foreshadowed by state precedent."). FedEx has pointed to case law where courts have interpreted certain of the state statutes at issue strictly and have held that the weight of the vehicles driven by a plaintiff is irrelevant under those statutes. *See Frapanpina v. Garda CL Great Lakes, Inc.*, No. 19-CV-493, 2021 WL 1088302, at *5 (N.D. Ill. Mar. 22, 2021) ("Critically, unlike Congress, the Illinois state legislature has not enacted a state-law corollary to the federal TCA that would allow drivers of mixed fleet vehicles an exception to the motor carrier exemption."); *Schilling v. Schmidt Baking Co., Inc.*, 876 F.3d 596, 603 (4th Cir. 2017) ("[W]e will not read into Maryland's statutory scheme an exception similar to the TCA exception when one does not exist."); *see also Cerutti*, 777 F. Supp. 2d at 941 ("Here, the plain language of the [Pennsylvania Motor Carrier Exemption] unambiguously indicates that any employee over whom the federal Secretary of Transportation has the power to establish qualifications and maximum hours of service is exempt from both the minimum wage and OT provisions of the [Pennsylvania Minimum Wage Act]. This court cannot circumvent the [Pennsylvania Minimum Wage Act] by adding a note like that added in the TCA with respect to the applicability of the FLSA.").

Plaintiffs cite to no case law or other authority that would specifically support their position, and even acknowledge that the cases cited by FedEx "may ultimately answer the question regarding the application of these state law exemptions if Plaintiffs are determined to be employees of FedEx under federal law." Br. in Opp'n 7, ECF No. 310. Again, Plaintiffs fail to provide any persuasive argument as to why the issue of FedEx's employer status must be resolved before the Court can look to the legal issue of whether these state law exemptions bar Plaintiffs' state law

11

claims. Plaintiffs essentially offer no opposition to FedEx's arguments that these exemptions apply, and that the weights of the vehicles driven by Plaintiffs are irrelevant under the wage laws of Connecticut, Illinois, Maryland, and Minnesota. Accordingly, the Court will grant the Motion to Dismiss as to Plaintiffs' claims under these laws.

Finally, Plaintiffs argue that their claim under Michigan law should survive because it is also pled in the alternative, and that it may be viable should Plaintiffs prove unsuccessful under the FLSA. The Court again notes that any argument that any state law claim was brought in the alternative to Plaintiffs' FLSA claim is directly contrary to previous assertions set forth in support of Plaintiffs' Motion to Amend. Further, Plaintiffs acknowledge that Michigan's Workforce Opportunity Wage Act exempts "'an employer that is subject to' the FLSA." Br. in Opp'n 9, ECF No. 310. There is no dispute that FedEx could, potentially, be found to be an employer in this case that is subject to the FLSA, even if it has not yet been established in this case that FedEx was Plaintiffs' employer. Plaintiffs again fail to offer any substantive argument as to how they could fail in establishing that FedEx was an employer under the FLSA, and somehow succeed in establishing that FedEx was an employer under Michigan law. The Court will dismiss Plaintiffs' Michigan state law claim.

## IV. Conclusion

For the reasons discussed above, the Court will grant FedEx's Motion to Dismiss as to Plaintiffs' claims under the laws of Connecticut, Illinois, Maryland, Minnesota, and Michigan. The Court finds that amendment of these claims would be futile, and, given the stage of this litigation, inequitable, especially where Plaintiffs were put on notice (in FedEx's opposition to Plaintiffs' Motion to Amend) of FedEx's argument prior to the filing of the Complaint. Accordingly, the Court will dismiss Counts 3, 5, 7, 8, and 9 of the Complaint with prejudice.

Because Named Plaintiff Dezrae Kauhane, who brought a claim under Hawaii law, is no longer a party to this action, the Court declines to address the Motion to Dismiss to the extent that it asserts that Plaintiffs' claim under Hawaii law (Count 4) should be dismissed. Because the Court has granted summary judgment in FedEx's favor on the individual claims brought by Named Plaintiff Douglas Russell, who brought a claim under Pennsylvania law, the Court likewise declines to address the Motion to Dismiss to the extent that it asserts that Plaintiffs' claim under Pennsylvania law (Count 12) should be dismissed. An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 28, 2022
cc/ecf: All counsel of record