IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HORACE CLAIBORNE, SONJIA MONIQUE BOWLIN, TYSHAWN WALKER, WILLIE SEALS, FREDERICK EPPICH, JEROME SCHOOLFIELD, KRISTINA TRAVIS, JEREMY WINKELS, DANIEL FORRESTER, MARK DAVID GRIFFETH, DOUGLAS RUSSELL, KENNETH BURTON, GERALD GENSOLI, and THOMAS DEPPIESSE, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br><br>    Defendant. | 2:18-cv-01698-RJC |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court are the following Motions filed by Defendant FedEx Ground Package System, Inc. ("FedEx"): (1) FedEx's "Motion to Dismiss with Prejudice Discovery Opt-Ins, From the Initial 500, Who Failed to Comply with the Court's December 7, 2021, Discovery Order" ("Motion to Dismiss Discovery Opt-Ins") (ECF No. 356); (2) FedEx's Motion to Dismiss Felicia Magee (ECF No. 313); and (3) FedEx's Motion to Dismiss Brandi Stuehrenberg (ECF No. 408).[1] The present case is a hybrid collective action under the Fair Labor Standards Act ("FLSA") and Rule 23 class action brought under the laws of certain states by the named Plaintiffs on behalf of

---

[1] The Court will refer to the opt-in Plaintiffs at issue in the Motion filed at ECF No. 356 as the "Discovery Opt-Ins," and will refer to Felicia Magee as "Magee" and Brandi Stuehrenberg as "Stuehrenberg."

1

themselves and other similarly situated individuals (collectively, "Plaintiffs") against FedEx for FedEx's alleged failure to pay requisite overtime compensation to Plaintiffs. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. The Motions at issue have been fully briefed and are ripe for disposition.

I.  **Factual Background & Procedural History**

As this Court has noted in previous opinions in this case, Plaintiffs assert that they were employed by FedEx through intermediary employers[2] to perform delivery services on FedEx's behalf. First Am. Compl. ¶ 35, ECF No. 297. Plaintiffs further assert that FedEx has violated the FLSA by not paying overtime compensation to Plaintiffs for all hours worked over forty each week. *Id*. Because the Court writes primarily for the benefit of the parties and has set forth the factual background and procedural history of this matter at length in its previous opinions, the Court foregoes a detailed recitation of the factual background and procedural history in this Memorandum Opinion. Where appropriate, the Court will cite to relevant facts or procedural history in the discussion section of this Memorandum Opinion.

II. **Legal Standard**

Federal Rule of Civil Procedure 37(b)(2) describes the sanctions that may be imposed for a party's failure to obey a discovery order, and provides:

(2) Sanctions Sought in the District Where the Action Is Pending.

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

---

[2] These intermediary employers are companies that entered into contracts with FedEx to provide delivery and pickup services on FedEx's behalf and are referred to as Independent Service Providers (ISPs) and Contracted Service Providers (CSPs) in the record. The distinction between ISPs and CSPs is not relevant to this Court's consideration of the present Motions.

2

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

### III. Discussion

Each of the Motions at issue seeks dismissal of certain opt-in plaintiffs from this case with prejudice based upon those individuals' failure to participate in discovery and/or abide by Court orders. Dismissal with prejudice is a drastic, "extreme" sanction, and courts consider several factors in deciding whether the same is appropriate. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984). The United States Court of Appeals for the Third Circuit has explained:

> Ordinarily, when a court is determining sua sponte or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute, and the plaintiff is

>opposing the motion, the court must consider several factors in reaching its decision: (1) the extent of the party's personal responsibility; (2) the prejudice to the opponent; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the meritoriousness of the claim or the defense.

*Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994) (citing *Poulis*, 747 F.2d at 868).

The Motion to Dismiss Discovery Opt-Ins seeks dismissal with prejudice of 140 opt-in plaintiffs that FedEx asserts have not fully responded to discovery in violation of this Court's December 7, 2021 Order of Court. Br. in Supp. 1-2, ECF No. 357. Plaintiffs oppose dismissal of these individuals with prejudice. Plaintiffs reiterate an argument they have frequently raised in this action that opt-ins who partially participate in discovery should not be dismissed because "[t]he vast majority of opt-ins to this case will not be required to participate in discovery whatsoever, and those who happened to be chosen should not be penalized if they make an effort to participate." Br. in Opp'n 1-2, ECF No. 365. However, as the Court has previously explained, opt-in plaintiffs can be, and have been in this action, subject to discovery in a collective action, *see Bonds v. GMS Mine Repair & Maint., Inc.*, No. 2:13-CV-1217, 2014 WL 6682475, at *2 (W.D. Pa. Nov. 25, 2014), and can further be subject to dismissal with prejudice for their failure to participate in discovery after being Court-ordered to do so, *Camesi v. Univ. of Pittsburgh Med. Ctr.*, No. CIV.A.09-85J, 2010 WL 2104639, at *11 n.14.

By way of its August 12, 2021 Memorandum Opinion (ECF No. 293), this Court provided the parties with "clear guidance" as to how individuals who failed to comply with Court orders directing them to fully respond to outstanding discovery requests would be viewed by the Court. Mem. Op. 27, ECF No. 293 (quoting *Camesi*, 2010 WL 2104639, at *11). The Court explained that opt-ins who failed to comply with such Court orders would be subject to dismissal with prejudice for the reasons articulated in that Memorandum Opinion. *Id.* at 26. Plaintiffs do not

contend that any of these individuals has fully responded to the outstanding discovery requests at issue or has complied with either this Court's September 15, 2021 or December 7, 2021 Court Orders. The Discovery Opt-Ins were unquestionably on notice that the failure to provide complete responses following the Court's December 7, 2021 Order could result in dismissal of their claims with prejudice. *See* Order 1, ECF No. 321 ("The opt-in Plaintiffs identified in rows highlighted in red and yellow in Exhibit B to FedEx Ground's motion are hereby ordered to provide complete questionnaire responses and complete document productions within 30 days of entry of this order or they may be dismissed with prejudice."). The Discovery Opt-Ins failed to comply with this Court's December 7, 2021 Order, and the Court will grant the Motion to Dismiss Discovery Opt-Ins. For the reasons discussed herein, and for those discussed in the Court's August 12, 2021 Memorandum Opinion, the Court concludes that the claims of the 140 Discovery Opt-Ins at issue in the Motion to Dismiss Discovery Opt-Ins should be dismissed with prejudice.[3]

Turning to Magee and Stuehrenberg, FedEx asserts that each has failed to comply with this Court's August 12, 2021 Order of Court. Plaintiffs do not contend otherwise, and simply reiterate arguments that this Court has previously rejected. The Court notes that Magee was explicitly mentioned in the Court's August 12, 2021 Memorandum Opinion, and she has failed to comply with this Court's Order directing her to fully respond to outstanding discovery requests. Accordingly, the Court will grant FedEx's Motion to Dismiss Felicia Magee, and Magee will be

---

[3] While Plaintiffs argue that the Court's Order should provide that the Discovery Opt-Ins' "dismissal does not impact their rights under the state wage laws covered by Plaintiff's Amended Complaint" (ECF No. 297), Br. in Opp'n 4 n.3, ECF No. 365, Plaintiffs provide no substantive argument as to why the same would be appropriate. The Amended Complaint setting forth state law claims in addition to Plaintiffs' FLSA claim was filed on August 24, 2021, well before this Court entered an Order compelling the Discovery Opt-Ins to respond to discovery. This Court's December 7, 2021 Order provided no distinction as to which claims would be dismissed should the Discovery Opt-Ins fail to fully respond to outstanding discovery, nor did the Court's Order (ECF No. 363) granting an unopposed Motion to Dismiss filed nearly contemporaneously with the Motion to Dismiss Discovery Opt-Ins. Again, the Discovery Opt-Ins were unquestionably on notice that their claims were subject to dismissal with prejudice, and Plaintiffs fail to articulate any basis for dismissing only the Discovery Opt-Ins' FLSA claims.

dismissed with prejudice. While Stuehrenberg was not explicitly mentioned by name, she was one of the 57 pre-notice opt-in plaintiffs who failed to provide complete responses to outstanding discovery requests discussed in the August 12, 2021 Memorandum Opinion. To date, she has failed to comply with this Court's August 12, 2021 Order directing her to fully respond to outstanding discovery requests. In light of the same, the Court will grant FedEx's Motion to Dismiss Brandi Stuehrenberg, and Stuehrenberg will be dismissed with prejudice.

### IV. Conclusion

For the reasons discussed above, the Court will grant each of the Motions at issue in this Memorandum Opinion. An appropriate Order of Court follows.

> BY THE COURT:
>
> s/*Robert J. Colville*
> Robert J. Colville
> United States District Judge

DATED: September 28, 2022
cc/ecf: All counsel of record